Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Thomas M. Durkin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4500 | **DATE** | 6/26/13 |
| **CASE TITLE** | Darnell Duett (#2012-0427221) vs. Boone, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at plaintiff's place of incarceration to deduct $4.20 from plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the Inmate Trust Accounts Office at the Cook County Jail. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint in accordance with this order. Plaintiff is granted 30 days to submit an amended complaint (plus a judge's copy and service copies). Failure to comply with this order will result in summary dismissal of this case. The Clerk shall provide plaintiff with an amended complaint form. Plaintiff's motion for attorney representation [#4] is denied without prejudice.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff Darnel Duett, a pre-trial detainee at the Cook County Jail, brings this *pro se* 42 U.S.C. § 1983 civil rights action naming Cook County Jail Sergeant Boone, Lieutenant Lewis, and Officer Long as defendants. Plaintiff alleges that, on March 6, 2013, he and other Division 9 inmates were escorted to a bullpen of a courthouse, presumably the Cook County Circuit Court, for court appearances. Either during the escort or upon placement in the bullpen, Boone told Long to switch the inmates' cuffs from behind their backs to their fronts. Sometime later, a fight occurred among the 40 inmates. Plaintiff states that he was struck in the head and passed out and that he regained consciousness with three officers on top of him. Allegedly, one of the officers pushed plaintiff's head into a metal gate. Plaintiff further states that he had to wait for medical attention after the incident and has lost some vision in his left eye. He contends that all three defendants failed to protect him.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $4.16. The trust fund officer at plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Cook County Jail trust account officers shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred.

    Plaintiff's complaint, however, cannot proceed. To satisfy the notice pleading requirement of Fed. R. Civ. P. 8(a), a complaint's allegations must not only provide each defendant with sufficient notice of the claim and the grounds upon which the claim rests, but the allegations must also, when taken as true, indicate that the plaintiff has a right to relief above a mere speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If

# STATEMENT

a plaintiff pleads facts "that show that he has no legal claim," he may "plead himself out of court" and his case may be dismissed. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

To establish a constitutional claim that a jail officer failed to protect or to obtain medical care for an inmate, the inmate must be able to prove that the officer acted with deliberate indifference to a serious risk of harm, i.e., that the officer was aware of "a substantial risk of serious injury" but nevertheless failed to take appropriate steps to protect the inmate. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). Neither negligence nor even gross negligence by an officer is sufficient. Instead, the officer's actions must be intentional or criminally reckless. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Borcello v. Allison*, 446 F.3d 742, 747-48 (7th Cir. 2006). The relevant inquiry is whether the officer actually knew the danger the plaintiff faced and refused to take any action, not whether a reasonable official should have known of a risk. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

Plaintiff's allegations against Boone, Lewis, and Long (the only defendants named in this case) are that they made the mistake of switching inmates' cuffs from behind their backs to their fronts. Plaintiff's allegations indicate no other involvement by these officers. Plaintiff does not name the officers who were on top of him when he regained consciousness after being struck on the head, or the officers who allegedly pushed his face into a gate, or the officers allegedly responsible for any delays with plaintiff receiving medical attention. If plaintiff does not know these officers' names, he may refer to them as John or Jane Doe and name a supervisory officer, such as Boone, Lewis, or Long, to identify them. If Boone, Lewis, or Long were the officers who failed to stop the fight who pushed plaintiff's face into a metal gate, or who failed to obtain medical attention for him, plaintiff should state so. The current allegations against Boone, Lewis, and Long, however, do not state a claim. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir.2008) (negligence with providing security in general is insufficient to establish a constitutional failure to protect claim); *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir.2008) (officers cannot be held liable for every injury an inmate receives at the hands of another inmate). To proceed against Boone, Lewis, or Long, plaintiff should indicate how they failed to protect plaintiff or how they were involved with any other claims. Alternatively, plaintiff may name as defendants the officers who were involved with his claims.

For the reasons stated above, the complaint is dismissed without prejudice. Plaintiff is granted 30 days from the date of this order to submit an amended complaint that either more clearly states Boone, Lewis, and Long's involvement or that names as defendants those persons who were involved with the claims plaintiff seeks to raise. As with every document filed with the court, plaintiff must submit his pleading to the Prisoner Correspondent, along with an extra copy for the judge and a service copy for each named defendant.

An amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations plaintiff wishes the court to address must be set forth in the amended complaint, without reference to the original complaint. Any exhibits that plaintiff wants the court to consider with the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The clerk will provide plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If plaintiff fails to comply within 30 days, the case will be summarily dismissed in its entirety.

As to plaintiff's motion for attorney representation, the factual and legal issues of this case currently do not appear to be complex. Furthermore, though plaintiff states that he has limited access to a library and is taking psychiatric medications, his pleadings in this case, as well as his other cases before this court, indicate that he is capable of representing himself competently at this stage of the case. At this time, plaintiff need only submit an amended complaint that clearly states the defendants' involvement with his claims of deliberate indifference to his safety and his medical needs. His motion for attorney representation is thus denied without prejudice. *Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007). Plaintiff may again make this request later in this case.